## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL GARCIA, ID # 12054090,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-1261-B-BH** |
| | ) | |
| **DALLAS POLICE DEPARTMENT, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

### SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Because the plaintiff's state criminal proceedings have concluded, his claims of false arrest, illegal search and seizure, and excessive force should be dismissed as frivolous.

### I. BACKGROUND

Michael Garcia (Plaintiff), sued numerous defendants under 42 U.S.C. § 1983 with regard to his arrest and incarceration at the Dallas County jail, the prosecution of criminal cases against him, and his medical care at the jail. (See Complaint (Compl.) (doc. 3); Magistrate Judge's Questionnaire Answers (MJQ Ans.) (doc. 11).) On July 2, 2013, it was recommended that all of Plaintiff's claims against all defendants be dismissed with prejudice as frivolous, except for his claims of false arrest, illegal search and seizure, and excessive force claims against the Dallas Police Officers (DPD Officers who arrested him in August of 2012. (*See* doc. 15.) It was recommended that these claims be stayed until the pending state criminal charges against Plaintiff were resolved, that the Court retain jurisdiction over the case, and that Plaintiff be ordered to file a motion to reopen the case within the statutory period of limitations for his claims, or within sixty days of the date the criminal charges were resolved, whichever date was later. *Id.*

On July 25, 2013, before the recommendation was accepted, Plaintiff moved to re-open the case because his state criminal proceedings had concluded. (*See* doc. 18). The state record reflects

that Plaintiff pled guilty to the pending charges of resisting arrest and assault on a public servant and was sentenced to sixty days and one year imprisonment, respectively, on July 17, 2013.  (*See* www.dallascounty.org, search Cause Nos. M1261080M, F12-58975).  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

At the time he filed his complaint, Plaintiff was an inmate who had been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels

and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

### III.  HECK V. HUMPHREY

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 for alleged violations of his rights. He sues DPD Officers Razo and Solis for allegedly using excessive force during his August 2012 arrest, and he sues Officer Martinez and an unnamed African-American officer for illegally searching him during this arrest.  He also sues Officers Razo, Solis, and Sergeant Fuxan for committing perjury on police reports, which led to his indictment.  (Compl. at 4, MJQ Ans. 2.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*

In *Heck v. Humphrey*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Id*. at 486-87.  A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).  "[T]he *Heck* determination depends on the nature of the offense and of the claim."  *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004).

Plaintiff has now pled guilty to resisting arrest and assault on a public servant stemming from

the arrest.  His claims for false arrest based on perjury and illegal search and seizure clearly

challenge the validity of his state court convictions and are therefore barred under *Heck*.  *See Shaw*

*v. Harris*, 116 Fed. Appx. 499, 500 (5th Cir. Nov. 12, 2004) (holding that claims of evidence-

tampering and concealment, perjury, ineffective assistance of counsel, and prosecutorial misconduct

are barred by *Heck*).

Furthermore, the Fifth Circuit has consistently held that where a plaintiff has been convicted

of resisting arrest, and he later asserts in his § 1983 suit that he did not resist arrest  and that the

arresting officers used excessive force against him, his suit is barred by *Heck*.  In *Arnold v.*

*Slaughter*, 100 Fed. App'x 321, 323 (5th Cir. June 14, 2004), the Fifth Circuit held that a plaintiff's

§ 1983 claims were barred by *Heck* after his conviction for resisting arrest because:

> Arnold's claims are not that the police used excessive force after he stopped
> resisting arrest or even that the officers used excessive and unreasonable
> force to stop his resistance.  Instead, *Arnold claims that he did nothing*
> *wrong, but was viciously attacked for no reason.  He provides no alternative*
> *pleading or theory of recovery.*
>
> In this way, Arnold's claims are distinguishable from excessive force
> claims that survive *Heck*'s bar . . . .  If Arnold prevails, he will have
> established that his criminal conviction lacks any basis.

*Id*. at p. 324-25 (*emphasis added*); *see also Deleon v. City of Corpus Christi*, 488 F.3d 649, 656-57

(5th Cir. 2007) (holding that *Heck* barred an excessive force claim where the plaintiff claimed that

he did not resist arrest); *Walker v. Horseshoe Entertainment*, 483 Fed. App'x 884, 887 (5th Cir. June

6, 2012) (holding that an excessive force claim based on a single interaction with the police where

the plaintiff avers that he did not resist arrest at all was barred by *Heck* when there has been a

conviction for resisting arrest because the claim can only be considered as an attack on the validity

of the conviction); *Walker v. Munsell*, 281 Fed. App'x 388, 390 (5th Cir. June 13, 2008) (per

curiam) (holding that *Heck* barred an excessive force claim where the plaintiff's  claim was based

solely on his assertion that he did not resist arrest, did nothing wrong, and was attacked by the defendant officers for no reason).  Under Texas law, a person is guilty of resisting arrest if he intentionally prevents or obstructs a police officer from effecting an arrest, search, or transportation by using force against the officer or another.  *See* TEX. PENAL CODE. ANN. § 38.03 (West 1993). Plaintiff's claims that the defendant officers used excessive force against him during his arrest by beating, choking, and tazing him while he was not using force against the officers would necessarily imply the invalidity of his conviction for resisting arrest. (*See* MJQ, Ans. 2, 4.)

Plaintiff has also pled guilty to assault on a public servant.  Under Texas state law, a person is guilty of assault on a public servant, a third degree felony, if he: 1) intentionally, knowingly, or recklessly caused bodily injury to a person; 2) the person injured was a public servant; 3) the defendant knew his victim was a public servant; and 4) the victim was lawfully discharging his official duties at the time of the assault or was assaulted in retaliation for exercising his official power.  *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West 2009).  The Texas Court of Criminal Appeals has held that a police officer who violates the civil rights of a prisoner within his charge is not acting in the "lawful discharge" of those duties, because the term "lawful discharge" means that the public servant is not "criminally or tortiously abusing his office as a public servant."  *Hall v. State*, 158 S.W.3d 470, 474 (Tex. Crim. App. 2005); *see also Johnson v. State*, 172 S.W.3d 6, 11 (Tex. App.–Austin 2005, pet. ref'd) (holding that the evidence was sufficient to support a conviction for assault on a public servant because a jury could have rationally concluded that the police officer was lawfully exercising her police duties by physically restraining the defendant when she was kicked by the defendant).  Plaintiff's claims that the defendants used excessive force during his arrest are therefore also barred by *Heck* because of this conviction.  If Plaintiff were to prevail in his claim that the officers violated his constitutional rights by using excessive force against him, it

would necessarily imply the invalidity of his conviction for assaulting a public servant in the lawful discharge of his duties.

Because *Heck* applies to Plaintiff's claims of false arrest, illegal search and seizure, and excessive force, he must demonstrate that his allegedly improper convictions and incarceration have been reversed, invalidated, or expunged prior to bringing these claims under § 1983.  Because he has failed to make this showing, his claims under § 1983 for damages are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Balisok*, 520 U.S. at 649; *Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

## III.  SUPPLEMENTAL RECOMMENDATION

Plaintiff's claims of false arrest, illegal search, and excessive forces should be **DISMISSED WITH PREJUDICE** until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

**SIGNED this 29th day of July, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE